IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN FIEDLER,                    )  | |
|        Plaintiff     ) | |
|                    ) | |
| vs.                                  )  | Civil Action No. 09-1138 |
|                                      )  | Judge Donetta W. Ambrose/ |
| CHIEF OSBORNE; OFFICER ROBERT )  | Chief Magistrate Judge Amy Reynolds Hay |
| STEESE; LAWRENCE T. SILVIA,    ) | |
| District Magistrate; ERIC NOVASAT, ) | |
| Mercer County Probation and Parole ) | |
| Officer; JEFFREY P. GILL; RYAN    ) | |
| BONNER,                               ) | |
|        Defendants  ) | |

REPORT AND RECOMMENDATION

I.    Recommendation

It is recommended that the complaint be dismissed in part, pursuant to the authority granted courts by the Prison Litigation Reform Act (PLRA), for failure to state a claim upon which relief can be granted and, consequently, that Defendants Silvia, Bonner and Novasat be dismissed as party-defendants.

II.   Report

Brian Fiedler ("Plaintiff") is currently incarcerated at SCI-Mercer. He has filed pro se a pre-printed form civil rights complaint under Section 1983, alleging a violation of his Fourth and Fourteenth Amendment rights in connection with his arrest and pre-trial detention and probation violation detention. Dkt. [1-2] at 4, Complaint at ¶ III. He named six defendants who were somehow involved in his arrest and/or detention. Among the six named were the State District Magistrate, Lawrence T. Silvia, and Assistant District Attorney Ryan Bonner. Because these two defendants enjoy immunity from suit, Plaintiff's claims against them should be dismissed. In

addition, because Plaintiff's claims against his probation officer, Eric Novasat are time barred, Defendant Novasat should likewise be dismissed as a party defendant.

   A.   Applicable Legal Principles

In the PLRA, Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of oftentimes frivolous and harassing law suits brought by persons in custody. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). The PLRA significantly amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis. The amended version of the statute now reads that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Here, Plaintiff has been granted IFP status, Dkt. [2], and is a prisoner within the meaning of 28 U.S.C. § 1915.[1] Thus, Section 1915(e)(2) is applicable.

Moreover, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e). See, e.g., Keener v. Pennsylvania Board of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision

---

[1] The term "prisoner" as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

The PLRA in relevant part also added Section 1915A, entitled "Screening," to Title 28 U.S.C. to provide that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted;  or  (2) seeks monetary relief from a defendant who is immune from such relief."  Here, Plaintiff is a prisoner within the meaning of Section 1915A.[2]  Both District Magistrate Silvia and Assistant District Attorney Bonner are employees of a governmental entity.  Thus, Section 1915A Screening is applicable.  Moreover, under Section 1915A, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim or that is frivolous but the court is required to do so.  Nieves v. Dragovich, No. CIV.A.96-6525, 1997 WL 698490, at *8 (E.D. Pa. Nov. 3, 1997)("Under provisions of the Prison Litigation Reform Act codified at  28 U.S.C. §§ 1915A, 1915(e) and  42 U.S.C. S 1997e(c), the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail

---

[2] Section 1915A(c) defines the term "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

to state a claim upon which relief could be granted."), aff'd, 175 F.3d 1011 (3d Cir. 1999)(Table).

In performing a court's mandated function of sua sponte reviewing complaints under 28 U.S.C. § 1915(e) and § 1915A to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Powell v. Hoover, 956 F.Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F.Supp. 134, 135 (E.D. Va.) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'. This is the familiar standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6)."), aff'd, 116 F.3d 473 (Table) (4th Cir. 1997).

In reviewing complaints as mandated by 28 U.S.C. § 1915(e) and § 1915A and, consequently, utilizing the standards for a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the Plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. See Estelle v. Gamble, 429 U.S. 97 (1976). However, the court need not accept as true any legal averments or conclusions contained in the complaint. Papasan v. Allain, 478 U.S. 265, 286 (1986); Labovitz v. Washington Times Corp., 172 F.3d 897, 898 (D.C. Cir. 1999). Dismissal is proper under Rule 12(b)(6) where the court determines that the facts alleged, taken as true and viewed in a light most favorable to the plaintiff, fail to state a claim as a matter of law. See, e.g., Gould Electronics, Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the

complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney.  Haines v. Kerner, 404 U.S. 519 (1972).

  B. Discussion

  Plaintiff's complaint essentially alleges that he was charged with crimes and that Defendant Silvia set a high bail, which caused Plaintiff to remain in jail, where he was attacked by a fellow inmate and had to defend himself and, as a consequence, was charged with simple assault.  On August 4, 2007, Plaintiff received a summons to appear before District Magistrate Silvia, apparently to face charges of furnishing alcohol to minors.  More specifically, the factual allegations in the complaint as related to Defendants Sylvia and Bonner are as follows:

> 15. . . [Plaintiff's initial arrest occurred on August 8, 2007 and his] case [which apparently involved his allegedly providing alcohol to minors] was continued numerous times[,] causing Plaintiff to be detained from August 8, 2007 until October 16, 2007 most of these delays being from the Commonwealth who was being represented by Defendant (Ryan Bonner) [sic].
> 16. Defendant (Lawrence T. Silvia) issued Plaintiff an eccesive [sic] bail of 25,000 dollars for a misdomeanor [sic] charge.
>
>  . . . .
>
>  18. After the above incident [i.e., Plaintiff allegedly being attacked by a fellow inmate at the Mercer County Jail on October 9, 2007] Plaintiff is charged with simple assault.
>
>  . . . .
>
>  21. The above [i.e., Plaintiff being attacked and the resulting simple assault charges] is the result of the Defendant[']s (Robert Steese) failure to investigate this situation properly and Defendant[']s (Lawrence T. Silvia] action in giving Plaintiff an eccesive [sic] bail as well as the other Defendants['] actions in detaining Plaintiff illegally.

Dkt. [1-2] at 6, ¶¶ 15 to 21.  The first set of charges involving the alleged provision of alcohol to minors was dropped in February 2008.  By way of relief, Plaintiff seeks money damages and such

other relief as the Court may deem just and proper.  Dkt. [1-2] at 7.

1. Prosecutorial Immunity

Liberally construing the complaint, Plaintiff seeks to sue Assistant District Attorney Bonner for the following actions: initiating the second set of charges of simple assault and, possibly, for initiating the first set of charges, as well as for requesting continuances in the first case.  However, because prosecutors enjoy absolute immunity from Section 1983 suits seeking money damages for actions taken by the prosecutor that are "intimately associated with the judicial process[,]" Imbler v. Pachtman, 424 U.S. 409, 430 (1976), the claim against Defendant Bonner must be dismissed.

Not only is a prosecutor absolutely immune for actions intimately associated with the judicial process, but any administrative or investigative actions taken after a criminal prosecution has been initiated that are necessary for maintaining the criminal prosecution are entitled to absolute prosecutorial immunity as well.  See, e.g., Ireland v. Tunis, 113 F.3d 1435, 1447 (6th Cir. 1997)("Absolute prosecutorial immunity will likewise attach to administrative or investigative acts necessary for a prosecutor to initiate or **maintain** the criminal prosecution.")(emphasis added).  Here, it is clear that Plaintiff seeks to hold Defendant Bonner liable for his role in criminally prosecuting Plaintiff for one or possibly two sets of criminal charges and for seeking continuances in the first set of charges.  Prosecuting Plaintiff for the two sets of charges and seeking continuances in the first set of charges clearly constitute actions intimately associated with the judicial process, and hence, the Assistant District Attorney Bonner enjoys absolute prosecutorial immunity from suit.  Accordingly, Defendant Bonner should be dismissed as a party defendant based upon the complaint's failure to state a claim upon which relief can be granted.

2. Absolute Judicial Immunity

Defendant District Magistrate Silvia, as a member of the State judiciary, is entitled to have the complaint dismissed against him on the basis of absolute judicial immunity because the complaint reveals that all of the allegations show Plaintiff dealt with Defendant Silvia solely in his capacity of presiding over Plaintiff's preliminary hearings and setting bail.

The doctrine of judicial immunity bars civil suits against judicial officers who are acting in their judicial capacity, i.e., whose challenged actions are taken in the course of their judicial activities and whose actions are not lacking jurisdiction. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam). Moreover, the doctrine of judicial immunity renders a judge not only immune from damages but also immune from suit. Id., at 11 ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). Here, the complaint makes clear that the actions taken by District Magistrate Silvia were actions taken in his judicial capacity. Even allegations of procedural irregularities, failures to comply with the law or acting in bad faith are not sufficient to overcome absolute judicial immunity. Figueroa v. Blackburn, 208 F.3d 435 (3d Cir. 2000)(failure to comply with state court rule did not strip judge of immunity). Not even allegations that a judge took an otherwise judicial action in bad faith or maliciously is sufficient to pierce judicial immunity. Mireles, 502 U.S. at 11 ("judicial immunity is not overcome by allegations of bad faith or malice"). Because District Magistrate Silvia enjoys absolute judicial immunity, he must be dismissed as a party defendant pursuant to the screening provisions of the PLRA.

3. Claims against Probation Officer Eric Novasat are Time Barred

The only allegations against Defendant Probation Officer Eric Novasat are that after

7

Plaintiff received the summons on August 4, 2007 concerning the furnishing of alcohol to minors charges, Plaintiff

> then called his probation officer Defendant (Eric Novasat) and informed him of the situation and also told him that he [i.e., Plaintiff] in know [sic] way commited [sic] the crimes he is being charged with.
> 13.  Defendant (Eric Novasat) tells Plaintiff that everything is alright that he is not going to arrest and detain Plaintiff and to report Friday August 8, 20007.
> 14.  August 8, 2007, Plaintiff reported to the probation office where Defendant (Eric Novasat) arrested and detained Plaintiff at the Mercer County jail which is run by Defendant (Jeffrey P. Bill).

Dkt. [1-2] at 5, ¶¶ 12 - 14.  Hence, the only actions that allegedly give rise to Defendant Novastat's culpability occurred, at the latest, on August 8, 2007, with Defendant Novastat arresting and detaining Plaintiff on that date and remanding Plaintiff to the custody of the Mercer County jail.  Because Plaintiff did not file the current complaint until, at the earliest, August 14, 2009, more than two years after the alleged wrongdoing of Defendant Novastat occurred, the complaint is time barred as against him.

Congress did not specify a statute of limitations for actions arising under 42 U.S.C. § 1983 of the Federal Civil Rights law.  Wilson v. Garcia, 471 U.S. 261, 267 (1985), *overruled by statute on other grounds as recognized in*, Hurst v. Trader, 223 Fed.Appx. 128, 131 (3d Cir. 2007). Because of this, the Courts are to consider Section 1983 actions as tort actions and borrow the statute of limitations for personal injury or tort actions from the appropriate state.  See id.  The Court of Appeals for the Third Circuit has declared that for Section 1983 actions brought in the Federal courts located within the Commonwealth of Pennsylvania, the appropriate statute of limitations is two years.  Fitzgerald v. Larson, 769 F.2d 160, 162 (3d Cir. 1985)("the two-year Pennsylvania limitation for personal injury actions of 42 Pa.Const.Stat.Ann. § 5524 governs all §

1983 actions brought in Pennsylvania."). The statute of limitations requires that a complaint be filed within its time limits from the time a cause of action accrues. See Sprint Communications Co., L.P. v. F.C.C., 76 F.3d 1221, 1226 (D.C. Cir. 1996).

A Federal District Court may sua sponte raise the statute of limitations in screening a complaint so long as the statute of limitations defect is apparent from the face of the complaint. See, e.g., Dellis v. Corrections Corp. of America, 257 F.3d 508, 511 (6th Cir. 2001); Tate v. United States, 13 Fed.Appx. 726 (9th Cir. 2001).

The allegation against Defendant Novastat is that he wrongfully arrested and detained Plaintiff on August 8, 2007 and took him to Mercer County Jail thereafter. Hence, August 8, 2007 is the date on which Plaintiff's cause of action arose. However, the earliest that Plaintiff's complaint can be deemed to have been filed, pursuant to the prisoner mail box rule,[3] is August 14, 2009, the date whereon he signed both his IFP application and the complaint. Hence, the complaint on its face shows that Plaintiff's claim against Defendant Novastat is time barred and so Defendant Novasat should be dismissed as a party defendant.

III.  Conclusion

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule

---

[3] The so called "prisoner mail box rule" provides that "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir 1998); United States v. Soto, 159 F.Supp.2d 39, 45 (E.D. Pa. 2001), *aff'd*, 33 Fed.Appx. 40 (3d Cir. 2002). The prisoner mail box rule has been applied not only to habeas petitions but has been expanded to civil rights complaints as well. Sulik v. Taney County, 316 F.3d. 813, 815 (8th Cir. 2003) (collecting cases). See also Cromwell v. Keane, 27 Fed.Appx. 13 (2d Cir. 2001)(for prisoner mail box rule, a prisoner is deemed to file his complaint or petition on the date which he hands it to prison officials for mailing; in the absence of evidence as to when this is, the court should deem the date whereon the prisoner signed his IFP application and/or complaint as the date whereon he handed his pleading to the prison officials).

established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights.

                                                Respectfully submitted,

                                                */s/ Amy Reynolds Hay*
                                                Chief United States Magistrate Judge

Dated: 22 October, 2009

cc:    The Honorable Donetta W. Ambrose
       United States District Judge


       Brian Fiedler
       HR1296
       SCI Mercer
       801 Butler Pike
       Mercer, PA 16137