IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN FIEDLER,<br>　　　　　　　　　Plaintiff | )<br>)<br>) |
| vs. | ) Civil Action No. 09-1138<br>) Chief U.S. Magistrate Judge Amy Reynolds Hay |
| CHIEF OSBORNE; OFFICER ROBERT<br>STEESE; JEFFREY P. GILL,<br>　　　　　　　　　Defendants | )<br>)<br>) |

### REPORT AND RECOMMENDATION

#### I. Recommendation

It is respectfully recommended that the Complaint [Doc.5] in the above-captioned case be dismissed for failure to prosecute.

#### II. Report

Following the Court's Order [Doc. 3] adopting the Report and Recommendation of the Magistrate Judge [Doc. 2] that, pursuant to the courts' authority under the Prison Litigation Reform Act, certain claims and defendants be dismissed, the Complaint [Doc. 6] drafted by pro se Plaintiff, Brian Fiedler ("Fiedler" or "the Plaintiff"), was filed. In an Order dated January 21, 2010, the Plaintiff was directed to file a form - which was supplied to him - authorizing the custodian of his inmate account to make withdrawals from that account and pay to the Clerk, United States District Court for the Western District of Pennsylvania, the partial filing fee and installments as detailed in the Order. Fiedler has failed to comply with that Order.

Punitive dismissal of an action for failure to comply with court orders is left to the Court's discretion. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In exercising this discretion, the Court must consider the six factors set forth in Poulis v. State Farm Fire and Cas.

Co., 747 F.2d 863, 868 (3d Cir.1984):

>   (1)   The extent of the party's personal responsibility;
>
>   (2)   The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
>
>   (3)   A history of dilatoriness;
>
>   (4)   Whether the conduct of the party or the attorney was willful or in bad faith;
>
>   (5)   The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
>
>   (6)   The meritoriousness of the claim or defense.

"Not all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). On the whole, the Poulis factors favor dismissal of the Plaintiff's Complaint.

The Plaintiff's failure to comply with the Court's January 21 Order, despite having been given ample time in which to do so, constitutes dilatory conduct and a lack of personal responsibility that may well rise to the level of bad faith.

The prejudice caused to the Defendant by O'Donnel's failure to comply with this Court's Orders does not appear to extend beyond that associated with general delay and administrative inconvenience. The merit of his claim is unknown. Thus, neither of these Poulis factors weighs strongly in favor of nor against dismissal.

Poulis last directs that the court consider the effectiveness of sanctions other than dismissal. Since the Plaintiff is proceeding in forma pauperis, it appears that monetary sanctions would be meaningless. More fundamentally, dismissal is appropriate because this case cannot proceed without the participation of the Plaintiff. Because he has failed to respond to the Court's

Order, it is respectfully recommended that the Complaint be dismissed. No other sanction will serve justice.  Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.D.2 B, the parties are permitted to file written objections in accordance with the schedule included in the docket entry reflecting the filing of this Report and Recommendation.

                      Respectfully Submitted,

                      /s/ *Amy Reynolds Hay*
                      Chief United States Magistrate Judge

cc:    Brian Fiedler
        HR-1296
        SCI Camp Hill
        P.O. Box 200
        Camp Hill, PA 17001